b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Respondent | CRIMINAL DOCKET NO. 1:18-CR-00200 |
| VERSUS | DISTRICT JUDGE DRELL |
| REGINALD T. WARREN, Petitioner | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner Reginald T. Warren ("Warren") pursuant to 28 U.S.C. § 2255. ECF No. 71. Because Warren contends his attorney failed to file an appeal and no notice of appeal was filed, an evidentiary hearing should be held to determine whether Warren's right to appeal should be reinstated. A ruling on the remaining issue should be deferred pending the outcome of the evidentiary hearing.

I. Background

Warren is contesting his convictions, obtained pursuant to guilty plea, in the United States District Court for the Western District of Louisiana, Alexandria Division, on one count of possession with intent to distribute 50 grams or more of methamphetamine, and one count of possession of a firearm in furtherance of a drug trafficking offense. ECF No. 71. Warren was sentenced to a total of 300 months of imprisonment. ECF Nos. 142, 144. Warren did not appeal his convictions and sentences.

Warren filed this § 2255 Motion raising the following issues:

1. Warren had ineffective assistance of counsel when his attorney failed to file a direct appeal after Warren requested that she do so.

2. Warren's attorney failed to challenge the expired search warrant return.

Warren's motion is before the undersigned Magistrate Judge for initial review. *See* 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which state in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

## II. Law and Analysis

### A. The basis for a § 2255 action.

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus.

*See Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *see also United States v. Ressler*, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. *See United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *See United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995).

Moreover, a prisoner who shows the possibility of prejudice may not obtain collateral relief under §2255 without demonstrating cause for his failure to raise the error at trial or on direct appeal. *See Shaid*, 937 F.2d at 229. Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error.

Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. *See United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995).

    **B.**    <u>**Warren's attorney was ineffective if she failed to file a notice of appeal.**</u>

Warren contends he had ineffective assistance of counsel when his attorney failed to file a direct appeal after Warren requested that she do so.

To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel actually had an adverse effect on the defense). *See Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *See Anderson*, 18 F.3d at 1215. On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Anderson*, 18 F.3d at 1215; *see also U.S. v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994).

"In certain Sixth Amendment contexts, prejudice is presumed." *See Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (quoting *Strickland*, 466 U.S. at 692. No showing of prejudice is necessary "if the accused is denied counsel at a critical stage of his trial," *Garza*, 139 S. Ct. at 744 (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984), or left "entirely without the assistance of counsel on appeal," *Garza*, 139 S. Ct. at 744 (quoting *Penson v. Ohio*, 488 U.S. 75, 88 (1988)). "When counsel fails to file a requested appeal, a defendant is entitled to . . . an appeal without showing that his appeal would likely have merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999). Prejudice is presumed "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken." *Garza*, 139 S. Ct. at 744 (quoting *Flores-Ortega*, 528 U.S. at 484). This presumption applies even when the defendant has signed an appeal waiver. *See Garza*, 139 S. Ct. at 744 ("[E]ven the broadest appeal waiver does not deprive a defendant of all appellate claims."); *see also United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019), *cert. den.*, 140 S. Ct. 628 (U.S. 2019).

Filing a notice of appeal is, generally speaking, a simple, non-substantive act that is within the defendant's prerogative. *See Garza*, 139 S. Ct. at 745–46. Under *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000), "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . [F]iling a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Garza*, 139

5

S. Ct. at 746; *see also United States v. Calderon*, 665 Fed. Appx. 356, 364 (5th Cir. 2016).

Where an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed "with no further showing from the defendant of the merits of his underlying claims." *See Garza, 139 S. Ct. at 747 (citing Flores-Ortega*, 528 U.S. at 484); *Rodriquez v. United States*, 395 U.S. 327, 330 (1969) (the petitioner does not have to specify the points he would raise were his right to appeal reinstated).

Warren contends he instructed his attorney to file an appeal. Warren had a right to make the decision to have a notice of appeal filed. Warren's trial attorney was court-appointed and, therefore, was likely to be replaced on appeal. However, Warren's attorney did not file a notice of appeal. Despite the fact that Warren pleaded guilty pursuant to a plea agreement, he had a right to appeal and possible grounds on which to appeal. Therefore, if Warren's allegation that he instructed his attorney to appeal is true, his attorney's failure to file at least a notice of appeal would have been professionally unreasonable, and prejudice is presumed.

When counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new opportunity to appeal. That rule does no more than restore the *status quo* that existed before counsel's deficient performance forfeited the appeal, and it allows an appellate court to consider the

appeal as that court otherwise would have done—on direct review, and assisted by counsel's briefing.

Where a defendant has had ineffective assistance of counsel which results in the loss of the right of first appeal, reinstatement of the right of appeal is the appropriate remedy. *See Evitts v. Lucey*, 469 U.S. 387, 389 (1985); *United States v. Haese*, 162 F.3d 359, 363 (5th Cir. 1998), *cert. den.,* 526 U.S. 1138 (1999); *United States v. Flores-Ochoa*, 139 F.3d 1022, 1023 (5th Cir.), *cert. den.*, 524 U.S. 959 (1998); *United States v. Scott*, 987 F.2d 261, 263 (5th Cir. 1993), on app. after remand, 48 F.3d 1389 (5th Cir. 1995), *cert. den.*, 516 U.S. 902 (1995); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982); *Mack v. Smith*, 659 F.2d 23, 25-26 (5th Cir. 1981); *Arrastia v. United States*, 455 F.2d 736, 740 (5th Cir. 1972); *Atilus v. United States*, 406 F.2d 694, 698 (5th Cir. 1969).

Of course, a district court lacks authority to grant an out-of-time appeal. *See* Fed. R. App. P. 4. Therefore, if a § 2255 movant proves his claim of ineffective assistance of counsel to the satisfaction of the district court, the judgment of conviction should be reinstated on the docket of the trial court as of that date fixed by the trial court from which the time of the appeal shall run and the § 2255 motion should be dismissed without prejudice. *See United States v. Horodner*, 993 F.2d 191, 196 (9th Cir. 1993); *Allen v. United States*, 938 F.2d 664, 665 (6th Cir. 1991); *Mack*, 659 F.2d at 26; *Atilus*, 406 F.2d at 698; *see also*, *Rodriguez*, 395 U.S. at 332.

The record before the Court does not show whether Warren actually requested that his attorney file an appeal. It is noted that a notice of appeal was not filed. When the evidence does not "conclusively show" whether the petitioner requested that counsel file an appeal, the district court should hold an evidentiary hearing on the issue. *See United States v. Higgins*, 459 Fed. Appx. 412, 413 (5th Cir. 2012) (citing *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007)).

Therefore, an evidentiary hearing should be held to determine whether Warren can show, by a preponderance of the evidence, that he asked his attorney to file an appeal. If he can, prejudice will be presumed and he is entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal. *See Higgins*, 459 Fed. Appx. at 413; *Tapp*, 491 F.3d at 265; *United States v. Albarran-Moreno*, 70 Fed. Appx. 215 (5th Cir. 2003) (remand to determine whether defendant, who was convicted pursuant to a guilty plea, requested that his attorney file an appeal).

### C.  Warren's attorney was not ineffective for failing to file an expired search warrant return.

Warren contends his attorney's failure to challenge the expired search warrant return resulted in a much higher sentence. Warren contends he was given an additional 60 months of imprisonment for possessing a firearm in furtherance of drug trafficking. Warren argues the firearm should not have been allowed into evidence due to the expired date on the return of the search warrant.

Specifically, Warren contends that a search warrant issued on March 7, 2018, was executed on his residence on March 7, 2018. ECF Nos. 71-1 at 9; No. 71-2. The warrant stated it must be executed and the return made within ten days of the date on the warrant. ECF No. 71-2. Detective Jonathan Roberts made a list of 36 items seized in the "return or search warrant," none of which were a firearm or ammunition. ECF No. 71-1 at 9. The return was signed and dated by Detective Roberts on March 7, 2018, and filed with the state court judge who issued the warrant. ECF No. 71-1 at 9.

On April 16, 2018, Detective Roberts filed a second return for the March 7, 2018 search, which was an addendum to the March 7, 2018 return. ECF No. 71-2. The April 16 return added items 27 and 38–a firearm and bullets. ECF No. 71-1 at 9; No. 71-2. Those items were the basis for Warren's conviction for possessing a firearm in furtherance of a drug trafficking offense.

Warren argues the second return was untimely pursuant to the warrant's 10-day limit for execution and return, and that his attorney should have objected to the introduction of the firearm and the ammunition. ECF No. 71-1 at 9. Warren also contends that, had he been able to file a direct appeal, he would have raised this issue on appeal.

Because this issue should have been raised on direct appeal, it is recommended that a ruling on this issue be deferred until after a determination of whether Warren's right to appeal will be reinstated. If it is reinstated, the issue should be dismissed

9

without prejudice. If it is not reinstated, this issue should be referred to the undersigned Magistrate Judge for consideration.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that an EVIDENTIARY HEARING be held to determine whether Warren asked his attorney to file an appeal. If he did ask her to do so, then Warren's judgment of conviction should be reinstated on the docket of the trial Court as of that date fixed by the Court from which the time of the appeal shall run, and Warren's § 2255 motion should be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that this case be remanded to the undersigned for an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1)(B), and proposed findings of fact as to what Warren told his attorney concerning an appeal.

IT IS FURTHER RECOMMENDED that a ruling on the issue as to whether Warren's attorney should have objected to introduction of the firearm and ammunition be deferred until after a determination of whether Warren's right to appeal will be reinstated. If it is reinstated, the issue should be dismissed without prejudice. If it is not reinstated, this issue should be referred back to the undersigned Magistrate Judge for further consideration.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A

party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F. 3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Wednesday, July 14, 2021.

Joseph H.L. Perez-Montes
United States Magistrate Judge